IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| PATRICIA NELSON-McGOURTY, | **COMPLAINT** |
| Plaintiff, | |
| v. | Civil Action No. |
| L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS & CO., | **JURY TRIAL DEMANDED** |
| Defendant. | |

---

## COMPLAINT

**I.   INTRODUCTION**

1. This action is brought by Plaintiff Patricia Nelson-McGourty for statutory damages against Defendant L & P Financial Adjusters Incorporated d/b/a Lou Harris & Co. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Illinois Workers' Compensation Act, 820 ILCS 305 et seq. (hereinafter referred to as "IWCA").

**II.   JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 735 ILCS 5/2-701. Supplemental jurisdiction for all state law claims is available pursuant to 28 U.S.C. § 1367. Venue is proper in this district as all relevant events took place here.

**III.    PARTIES**

3. Plaintiff Patricia Nelson-McGourty is an individual who resides in Chicago, Illinois.

4. Ms. Nelson-McGourty is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant L & P Financial Adjusters Incorporated ("L&P") is a corporation organized under the laws of the State of Illinois located at 613 Academy Drive, Northbrook, Illinois.

6. According to the records of the Illinois Secretary of State, Lou Harris & Company is an "assumed name" of L&P.

7. L&P is licensed by the State of Illinois as a collection agency, License Number 017001420.

8. L&P is engaged in the collection of debts from Illinois consumers using the mail and telephone.

9. L&P regularly attempts to collect consumer debts alleged to be due to another.

10. L&P was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**IV.    FACTUAL ALLEGATIONS**

11. On or about October 22, 2006, Ms. Nelson-McGourty sought medical treatment and/or services from Gottleib Memorial Hospital.

12. Ms. Nelson-McGourty's treatment required an MRI. The MRI was read by an employee of Midwest Institute for Minimally Invasive Therapies ("MIMIT").

13. Due to the medical treatment and/or services provided by MIMIT, Ms. Nelson-McGourty incurred an alleged debt in the amount of $224.00 to MIMIT (hereinafter referred to as "the Debt").

14. Ms. Nelson-McGourty did not pay the Debt because it was covered by her employer's workers' compensation insurance.

15. The Debt was due on the date of service.

16. As of a statement dated January 1, 2007, the Debt was at least 60 days overdue.

17. L&P obtained the Debt after it allegedly entered default.

18. On or about April 2, 2008, L&P arranged for the preparation and transmittal of a letter to Ms. Nelson-McGourty at her residence in an attempt to collect the Debt. L&P's April 2, 2008, correspondence to Ms. Nelson-McGourty is attached hereto as Exhibit A.

19. Exhibit A contains,

> **SILENCE IS GOLDEN!! DON'T YOU BELIEVE IT!!**
>
> Your silence may be costly to you. Your account is being sent to the credit bureau and may become available nationally to some of the following credit grantors:
>
> BANKS
> MORTGAGE COMPANIES
> BANK CREDIT CARDS
> DEPARTMENT STORES
> FINANCE COMPANIES
> FURNITURE STORES
> CREDIT UNIONS
> REAL ESTATE MANAGEMENT COMPANIES
>
> To stop any further activity, **PAY THE BALANCE IMMEDIATELY** or phone our office now. You have the right to inspect your credit rating.

20. After receiving <u>Exhibit A</u>, around the middle of April 2008, Ms. Nelson-McGourty called L&P.

21. Ms. Nelson-McGourty did not recognize MIMIT, as the credit was identified on <u>Exhibit A</u>.

22. Ms. Nelson-McGourty asked the L&P employee who the money was owed to. The L&P employee stated Gottlieb Hospital.

23. Ms. Nelson-McGourty told the L&P employee that the Debt related to a workers' compensation case. The L&P employee stated, "that is impossible." Ms. Nelson-McGourty confirmed that the Debt was related to a workers' compensation case.

24. Ms. Nelson-McGourty told the L&P employee that she had an attorney. The L&P employee responded again that it was impossible that the Debt related to a workers' compensation case.

25. Ms. Nelson-McGourty attempted to convince the L&P employee that the Debt related to a workers' compensation case but the L&P employee did not believe her.

26. Despite being informed of Ms. Nelson-McGourty's workers' compensation claim, the L&P employee continued to tell Ms. Nelson-McGourty that she was responsible for paying the Debt.

27. The L&P employee continued to tell Ms. Nelson-McGourty that she had to pay the Debt.

28. The L&P employee never asked for Ms. Nelson-McGourty's attorney's name and address.

29. Ms. Nelson-McGourty would have provided her attorney's name and address but

the L&P employee did not believe she had an attorney.

30. The Debt was incurred for personal, family, or household purposes, *i.e.*, for medical services and/or treatment.

31. The Illinois Workers' Compensation Act prohibits a creditor from attempting to collect a debt if the provider has been informed that an application has been filed with the Illinois Workers' Compensation Commission to resolve a dispute over the payment of such debt. See 820 ILCS 305/8.2(e-5), (e-10).

32. Only after a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission or a settlement is agreed to may the creditor resume attempts to collect the debt. See 820 ILCS 305/8.2(e-20).

33. During its communications with Ms. Nelson-McGourty, L&P acted as agent of Midwest Institute for Minimally Invasive Therapies.

## V.  COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

35. Defendant's violations of the FDCPA include, but are not limited to:

   A. creating a false sense of urgency in violation of 15 U.S.C. §§ 1692e and e(10);

   B. falsely representing the character, amount, or legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

   C. communicating with the consumer in connection with the collection of the Debt after being informed that she was represented by an attorney and being able to readily ascertain such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2); and

      D.     using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10).

36.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's actions violate the FDCPA, as well as an award of statutory damages, costs and reasonable attorney fees.

## VI.    COUNT TWO – ILLINOIS WORKERS' COMPENSATION ACT

37.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

38.     Defendant's violations of the IWCA include, but are not limited to, failing to cease any and all efforts to collect payment for the services that are the subject of the dispute after being informed that there is an application filed with the Illinois Workers' Compensation Commission to resolve a dispute over payment of such charges in violation of 820 ILCS 305/8.2(e-5) and (e-10).

39.     As a result of Defendant's violations of the IWCA, Plaintiff is entitled to

      A.     a declaratory judgment that Defendant's actions violate the IWCA;

      B.     a permanent injunction that enjoins Defendant from "any and all efforts to collect payments for the services that are the subject of the dispute," where such efforts are not in compliance with the IWCA (820 ILCS 305/8.2(e-5), (e-10), and (e-15)) until "a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission, or a settlement agreed to by the employer and the employee." See 820 ILCS 305/8.2(e-20); and

      C.     a permanent injunction that enjoins Defendant from reporting the Debt to any credit reporting agency (820 ILCS 305/8.2(e-15), until "a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission, or a settlement agreed to by the employer and the employee." See 820 ILCS 305/8.2(e-20).

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Patricia Nelson-McGourty requests that judgment be entered in her favor against Defendant L & P Financial Adjusters Incorporated d/b/a Lou Harris & Co. for:

- A. A declaratory judgment that Defendant's actions violate the FDCPA and IWCA;

- B. A permanent injunction enjoining Defendant from any and all collection efforts until resolution of Ms. Nelson-McGourty's workers' compensation matter;

- C. A permanent injunction enjoining Defendant from reporting the Debt to any credit reporting agency until resolution of Ms. Nelson-McGourty's workers' compensation matter;

- D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

- E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    and

- F. For such other relief as the Court may find to be just and proper.

## VII. JURY DEMAND

Plaintiff Patricia Nelson-McGourty hereby demands that this case be tried before a Jury.

    s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF PATRICIA NELSON-McGOURTY

# EXHIBIT A

(847) 291-3888 • FAX (847) 291-7366

# Lou Harris & Co.

April 2, 2008

613 Academy Dr.
Northbrook, IL 60062-2420

*Personal & Confidential*

RETURN SERVICE REQUESTED

#BWNJHBY
#LHC1W2RA000460# 16

NELSON-MCGORETY PATRICIA
5308 N CUMBERLAND AVE APT 311
CHICAGO IL 60656-1472

| | |
|---|---|
| Our Client | : MIMIT |
| ACCOUNT # | : 180314 |
| AMOUNT DUE | : $224.00 |

**THIS HAS BEEN SENT TO YOU
BY A COLLECTION AGENCY**

## SILENCE IS GOLDEN!! DON'T YOU BELLIEVE IT!!

Your silence may be costly to you. Your account is being sent to the credit bureau and may become available nationally to some of the following credit grantors:

- BANKS
- MORTGAGE COMPANIES
- BANK CREDIT CARDS
- DEPARTMENT STORES
- FINANCE COMPANIES
- FURNITURE STORES
- CREDIT UNIONS
- REAL ESTATE MANAGEMENT COMPANIES

To stop any further activity, **_PAY THE BALANCE IMMEDIATELY_** or phone our office now. You have the right to inspect your credit rating.

IMPORTANT INFORMATION. PLEASE READ BELOW.

For proper credit to your account,
All payments must be mailed to:

LOU HARRIS & CO.
P.O. BOX 977
NORTHBROOK, IL 60065-0977

Sara Sil
Account Rep

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

16

---

**PAYMENT SLIP**   Return bottom portion with your payment to ensure immediate credit to your account   **PAYMENT SLIP**

IN AN EFFORT TO HELP YOU, WE DO ACCEPT MASTERCARD, VISA, DISCOVER, AND AMERICAN EXPRESS. PLEASE COMPLETE THE FOLLOWING INFORMATION AND RETURN TO OUR OFFICE IN THE ENCLOSED ENVELOPE. OUR OFFICE WILL PROVIDE YOU WITH A RECEIPT.

Card Number

Exp Date   Name as shown on card

CHARGE MY: (Please check one)
☐   ☐   ☐   ☐   ☐ CHECK ENCLOSED

Amount $

Signature

Date

LOU HARRIS & CO.
PO BOX 977
NORTHBROOK, IL 60065-0977

ACCOUNT#: 180314