**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PATRICIA NELSON-McGOURTY,   )<br>  )<br>  )<br> Plaintiff,  )<br>  )<br>v.  )<br>  )<br>L & P FINANCIAL ADJUSTERS  )<br>INCORPORATED d/b/a LOU HARRIS & CO.,  )<br>  )<br>  )<br> Defendant.  )<br>  ) | Civil Action No.: 08-cv-2849<br><br>Judge Zagel |

**ANSWER TO COMPLAINT**

Defendant, L & P FINANCIAL ADJUSTERS INC. d/b/a LOU HARRIS & CO. (hereinafter "LHC"), an Illinois Corporation, by and through its attorneys, David M. Schultz and Nabil G. Foster with HINSHAW & CULBERTSON, LLP, states the following for its answer to Plaintiff's Complaint:

**I.    INTRODUCTION**

1.    This action is brought by Plaintiff Patricia Nelson-McGourty for statutory damages against Defendant L & P Financial Adjusters Incorporated d/b/a Lou Harris & Co, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and math practices, and the Illinois Workers' Compensation Act, 820 ILCS 305 *et seq.* (hereinafter referred to as "IWCA").

**ANSWER:**    LHC admits that the Plaintiff filed an action seeking damages under the FDCPA, but denies that Plaintiff has any claim herein.  LHC denies all remaining allegations of paragraph 1.

**II.     JURISDICTION**

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 735 ILCS 5/2-701. Supplemental jurisdiction for all state law claims is available pursuant to 28 U.S.C. § 1367. Venue is proper in this district as all relevant events took place here.

**ANSWER:**     LHC admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331 and 15 U.S.C. § 1692, but denies that Plaintiff has any such claim herein. Further, LHC admits that generally venue would be proper, but denies that Plaintiff has any claim herein.

**III.    PARTIES**

3.     Plaintiff Patricia Nelson-McGourty is an individual who resides in Chicago, Illinois.

**ANSWER:**     LHC admits that the address it has for Plaintiff is located in Chicago, Illinois; however, LHC is without knowledge or information sufficient to form a belief as to whether Plaintiff currently resides in Chicago, Illinois as alleged in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same for the present time.

4.     Ms. Nelson-McGourty is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

**ANSWER:**     LHC admits Plaintiff is a consumer as defined by the FDCPA.

5.     Defendant L & P Financial Adjusters Incorporated ("L&P") is a corporation organized under the laws of the State of Illinois located at 613 Academy Drive, Northbrook, Illinois.

**ANSWER:**     LHC admits the allegations of paragraph 5.

6.      According to the records of the Illinois Secretary of State, Lou Harris & Company is an "assumed name" of L&P.

**ANSWER:**   LHC admits the allegations of paragraph 6.

7.      L&P is licensed by the State of Illinois as a collection agency, License Number 017001420.

**ANSWER:**   LHC admits the allegations of paragraph 7.

8.      L&P is engaged in the collection of debts from Illinois consumers using the mail and telephone.

**ANSWER:**   LHC admits it has used the mail and telephone to collect debts from Illinois consumers.

9.      L&P regularly attempts to collect consumer debts alleged to be due to another.

**ANSWER:**   LHC admits that it has attempted to collect consumer debts.

10.     L&P was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**ANSWER:**   LHC admits that it acted as a debt collector as defined by the FDCPA in this case.

IV.     **FACTUAL ALLEGATIONS**

11.     On or about October 22, 2006, Ms. Nelson--McGourty sought medical treatment and/or services from Gottlieb Memorial Hospital.

**ANSWER:**   LHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same for the present time.

12.     Ms. Nelson-McGourty's treatment required an MRI. The MRI was read by an employee of Midwest Institute for Minimally Invasive Therapies ("MIMIT").

3

**ANSWER:** LHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same for the present time.

13. Due to the medical treatment and/or services provided by MIMIT, Ms. Nelson-McGourty incurred an alleged debt in the amount of $224.00 to MIMIT (hereinafter referred to as "the Debt").

**ANSWER:** LHC admits that Plaintiff owes $224 to MIMIT. LHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same for the present time.

14. Ms. Nelson-McGourty did not pay the Debt because it was covered by her employer's workers' compensation insurance.

**ANSWER:** LHC admits that Plaintiff did not pay her debt owed to MIMIT. LHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same for the present time.

15. The Debt was due on the date of service.

**ANSWER:** LHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same for the present time.

16. As of a statement dated January 1, 2007, the Debt was at least 60 days overdue.

**ANSWER:** LHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same for the present time.

6330333v1 889684

17.     L&P obtained the Debt after it allegedly entered default.

**ANSWER:**     Upon information and belief, LHC admits that Plaintiff's debt was in default before LHC was retained to collect the debt.  LHC denies all remaining allegations of paragraph 17.

18.     On or about April 2, 2008, L&P arranged for the preparation and transmittal of a letter to Ms. Nelson-McGourty at her residence in an attempt to collect the Debt.  L&P's April 2, 2008, correspondence to Ms. Nelson-McGourty is attached hereto as Exhibit A.

**ANSWER:**     LHC admits that it sent a letter to plaintiff at the address it had on file for plaintiff on April 2, 2008 and that letter is attached to the complaint as Exhibit A.  LHC denies all remaining allegations of paragraph 18.

19.     Exhibit A contains,

> **SILENCE IS GOLDEN DON'T YOU BELIEVE IT!**
>
> Your silence may be costly to you.  Your account is being sent to the credit bureau and may become available nationally to some of the following credit grantors:
>
> BANKS
> MORTGAGE COMPANIES
> BANK CREDIT CARDS
> DEPARTMENT STORES
> FINANCE COMPANIES
> FURNITURE STORES
> CREDIT UNIONS
> REAL ESTATE MANAGEMENT COMPANIES
>
> To stop any further activity, **PAY THE BALANCE IMMEDIATELY** or phone our office now.  You have the right to inspect your credit rating.

**ANSWER:**     LHC admits that paragraph 19 contains a portion of the letter attached as Exhibit A.  LHC denies any remaining allegations of paragraph 19.

20.     After receiving Exhibit A, around the middle of April 2008, Ms. Nelson-McGourty called L&P.

**ANSWER:** LHC admits that Plaintiff called LHC; however, LHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same for the present time.

21. Ms. Nelson-McGourty did not recognize MIMIT, as the credit was identified on Exhibit A.

**ANSWER:** LHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same for the present time.

22. Ms. Nelson-McGourty asked the L&P employee who the money was owed to. The L&P employee stated Gottlieb Hospital.

**ANSWER:** LHC admits that Plaintiff asked to whom the money was owed. LHC denies the remaining allegations of paragraph 22.

23. Ms. Nelson-McGourty told the L&P employee that the Debt related to a workers' compensation case. The L&P employee stated, "that is impossible." Ms. Nelson-McGourty confirmed that the Debt was related to a workers' compensation case.

**ANSWER:** LHC admits Plaintiff claimed the debt was related to a workers compensation case. LHC denies the remaining allegations of paragraph 23.

24. Ms. Nelson-McGourty told the L&P employee that she had an attorney. The L&P employee responded again that it was impossible that the Debt related to a workers' compensation case.

**ANSWER:** LHC admits that Plaintiff claimed she had an attorney. LHC denies the remaining allegations of paragraph 24.

25. Ms. Nelson-McGourty attempted to convince the L&P employee that the Debt related to a workers' compensation case but the L&P employee did not believe her.

**ANSWER:** LHC denies the allegations of paragraph 25.

26. Despite being informed of Ms. Nelson-McGourty's workers' compensation claim, the L&P employee continued to tell Ms. Nelson-McGourty that she was responsible for paying the Debt.

**ANSWER:** LHC denies the allegations of paragraph 26.

27. The L&P employee continued to tell Ms. Nelson-McGourty that she had to pay the Debt.

**ANSWER:** LHC denies the allegations of paragraph 27.

28. The L&P employee never asked for Ms. Nelson-McGourty's attorney's name and address.

**ANSWER:** LHC denies the allegations of paragraph 28.

29. Ms. Nelson-McGourty would have provided her attorney's name and address but the L&P employee did not believe she had an attorney.

**ANSWER:** LHC denies the allegations of paragraph 29.

30. The Debt was incurred for personal, family, or household purposes, *i.e.,* for medical services and/or treatment.

**ANSWER:** On information and belief, LHC admits that the Plaintiff's debt was owed to a corporate entity that provides radiologic imaging services, e.g., x-rays, therefore, LHC believes the debt is most likely a medical bill and as such, the debt would have been for personal purposes. L&P is without knowledge or information sufficient to form a belief as to the truth of

any remaining allegations in Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same for the present time.

31. The Illinois Workers' Compensation Act prohibits a creditor from attempting to collect a debt if the provider has been informed that an application has been filed with the Illinois Workers' Compensation Commission to resolve a dispute over the payment of such debt. See 820 ILCS 305/8.2(e-5), (e-10).

**ANSWER:** LHC admits 820 ILCS 305/8.2 exists and that the code speaks for itself. LHC denies that paragraph 31 accurately and fully states the law. Furthermore, paragraph 31 raises an issue of law to which no response is required.

32. Only after a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission or a settlement is agreed to may the creditor resume attempts to collect the debt. See 820 ILCS 305/8.2(e-20).

**ANSWER:** LHC admits 820 ILCS 305/8.2 exists and that the code speaks for itself. LHC denies that paragraph 32 accurately and fully states the law. Furthermore, paragraph 31 raises an issue of law to which no response is required.

33. During its communications with Ms. Nelson-McGourty, L&P acted as agent of Midwest Institute for Minimally Invasive Therapies.

**ANSWER:** LHC admits that it was retained by Midwest Institute for Minimally Invasive Therapies to collect the debt owed by Plaintiff. LHC denies any remaining allegations of paragraph 33.

**V.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

**ANSWER:** LHC incorporates its responses to all of the foregoing paragraphs (1 to 33) as its responses to paragraphs 1 to 33 of Count I.

35. Defendant's violations of the FDCPA include, but are not limited to:

   A. creating a false sense of urgency in violation of 15 U.S.C. §§ 1692e and e(l0);

   B. falsely representing the character, amount, or legal status of the Debt in violation of 15 D.S.C.$1692e(2)(A);

   C. communicating with the consumer in connection with the collection of the Debt after being informed that she was represented by en attorney and being able to readily ascertain such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2); and

   D. using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10).

**ANSWER:** LHC denies all allegations of paragraph 35, including subparagraphs A. through D.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's actions violate the FDCPA, as well as an award of statutory damages, costs and reasonable attorney fees.

**ANSWER:** LHC denies the allegations of paragraph 36.

**VI. COUNT TWO - ILLINOIS WORKERS' COMPENSATION ACT**

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

**ANSWER:** LHC incorporates its responses to all of the foregoing paragraphs (1 to 36) as its responses to paragraphs 1 to 36 of Count II.

38. Defendant's violations of the IWCA include, but are not limited to, failing to cease any and all efforts to collect payment for the services that arc the subject of the dispute

after being informed that there is an application filed with the Illinois Workers' Compensation Commission to resolve a dispute over payment of such charges in violation of 820 IC-CS 305/8.2(c-5) and (e-10).

 **ANSWER:** LHC denies the allegations of paragraph 38.

39. As a result of Defendant's violations of the IWCA, Plaintiff is entitled to

  A. a declaratory judgment that Defendant's actions violate the IWCA;

  B. a permanent injunction that enjoins Defendant from "any and all efforts to collect payments for the services that are the subject of the dispute," where such efforts are not in compliance with the IWCA (820 ILCS 305/8.2(e-5), (e-10), and (e-15)) until "a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission, or a settlement agreed to by the employer and the employee." See 820 I .CS 305/8.2(e-20); and

  C. a permanent injunction that enjoins Defendant from reporting the Debt to any credit reporting agency (820 ILCS 305/8.2(e-15), until "a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission, or a settlement agreed to by the employer and the employee." See 820 ILCS 305/8.2(e-20).

 **ANSWER:** LHC denies all allegations of paragraph 39, including subparagraphs A. through C.

## AFFIRMATIVE DEFENSES

Defendant L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS & COMPANY, ("LHC") by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

  a. Defendant LHC affirmatively states that it maintains reasonable training procedures for all employees who participate in any collection activity or communication. Any communication or conduct which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense.

WHEREFORE, L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS & COMPANY prays that Plaintiff's Complaint be dismissed with prejudice, for its

attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

                      Respectfully submitted,

                      HINSHAW & CULBERTSON LLP


                      By: s/ Nabil Foster
                            One of the Attorneys for Defendant


David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:   (312) 704-3000
Fax No:   (312) 704-3001
E-mail Address:   dschultz@hinshawlaw.com
                    nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **DEFENDANT'S ANSWER TO COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 2nd day of July 2008.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Craig M. Shapiro |
| ___ | Federal Express | Horwitz, Horwitz & Associates, LTD. |
| ___ | Mail | 25 E. Washington St., Suite 900 |
| ___ | Messenger | Chicago, IL 60602 |
| | | Ph. (312) 372-8822 |
| | | Fax (312) 372-1673 |
| | | e-mail: craig@horwitzlaw.com |

s/ Nabil G. Foster
One of the Attorneys for Defendant,
L & P FINANCIAL ADJUSTERS INC. d/b/a
LOU HARRIS & CO

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
　　　　　　　　nfoster@hinshawlaw.com

6330333v1 889684