## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICIA NELSON-McGOURTY, | **PLAINTIFF'S MOTION TO COMPEL** |
| Plaintiff, | |
| v. | Civil Action No. 08-cv-2849 |
| L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS & CO., | **Judge Zagel** |
| Defendant. | **Magistrate Judge Cole** |

### MOTION TO COMPEL DISCLOSURES UNDER RULE 26(a)(1)(A)(i)
### AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed.R.Civ.P. 37(a)(3)(A), Plaintiff moves to compel disclosures of the name and contact information of witnesses as expressly required by Fed.R.Civ.P. 26(a)(1)(A)(i) and states the following in support:

1.      Plaintiff Patricia Nelson-McGourty seeks an order compelling Defendant L&P Financial Adjusters Incorporated d/b/a Lou Harris & Co. to disclose its witnesses and their contact information, and to pay costs and attorney fees necessitated by this motion. As discussed below, Plaintiff attempted to obtain Defendant's consent to the relief requested herein. However, Defendant did not provide the information expressly required by Fed.R.Civ.P. 26(a)(1)(A)(i). Plaintiff's counsel has explained the nature of the request and its legal basis and requested but did not obtain concurrence in the relief sought because no response was provided.

2.      On May 16, 2008, Plaintiff filed her Complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and Illinois Workers' Compensation Act, 820 ILCS 305 *et seq*. Docket # 1.

3.      On August 19, 2008, Defendant served its Disclosures purportedly pursuant to

Fed. R. Civ. P. 26(a)(1). Defendant's Initial Disclosures are attached hereto as Exhibit 1.  Under

the section regarding identification of witnesses, Defendants stated, "LHC's employee that

communicated with Plaintiff: Matt Michell."

4.      On August 20, 2008, Plaintiff's counsel Craig M. Shapiro sent Defendant's

counsel Nabil G. Foster and David M. Schultz a letter by email and facsimile regarding their

client's Disclosures. Mr. Shapiro's letter is attached hereto as Exhibit 2. Mr. Shapiro requested

Mr. Foster to provide the address and telephone number of Matt Michell, the witness identified

by Defendant, by August 27, 2008. Mr. Shapiro also stated that, "if your client is claiming that

[Matt Michell] will be represented by you in some capacity, and thus we will be prohibited from

contacting him in any way except through your office, please send a letter from Mr. Michell

explaining that you will be his agent for receipt of process."

5.      On September 2, 2008, at approximately 4:55pm, Mr. Shapiro left a voicemail for

Mr. Foster indicating that he wanted to discuss this issue and reiterated why the information must

be disclosed. Mr. Shapiro further indicated that he would file a motion to compel at the end of

Wednesday, September 3, 2008, if he did not receive the information from Defendant. At

approximately 5:00pm that same evening, Mr. Shapiro received a telephone call from Mr. Foster,

wherein they discussed their clients' respective positions regarding this issue. Mr. Foster

indicated that he would consult with his client.

6.      In the two weeks since Mr. Shapiro first informed Defendant's counsel of their

client's failure to abide from the federal rules, Defendant has failed to provide the required

disclosure–specifically Matt Michell's address and telephone number, as required by

Fed.R.Civ.P. 26(a)(1)(A)(i).

7.    In the two weeks since Mr. Shapiro had offered to accept a letter from Matt Michell indicating that Mr. Foster or anyone else represents him or will be his agent for service of process, Mr. Shapiro has received no such letter.

8.    After consultation by letter and telephone and good faith attempts to resolve these differences, the parties are unable to reach an accord.

## MEMORANDUM OF LAW

### I.    General Rule of Disclosure

The Federal Rules of Civil Procedure now require that parties make mandatory disclosures under Rule 26(a).  These disclosures are required 14 days following the meeting of attorneys for a conference under Rule 26(f).

> (1) *Initial Disclosures*.  (A) *In General.* Except in categories specified in Rule 26(a)(1)(B), or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . .(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed.R.Civ.P. 26(a)(1)(A)(i).  Under this rule, the disclosing party must produce all information that it has regarding the identity, address and phone numbers of all witnesses that it may use at trial.  The rule does not contemplate that only names will be disclosed.  It is not sufficient to simply provide documents where the information may be found.

> Furthermore, we conclude that submitting exhibits attached to the complaint as well as other exhibits, which may include names and addresses of doctors employed by defendant Clinic, is insufficient to constitute compliance with Rule 26(a). Rule 26(a) requires disclosure of names and addresses of individuals likely to have discoverable information, a copy of all documents the disclosing party has in its possession to support its claims or defenses, and a computation of damages including documentary and other evidentiary material on which the computation is based. Simply pointing to a pile of documents hardly complies with this rule, even if the documents contain some of the information required by Rule 26(a).

U.S. ex rel. Repko v. Guthrie Clinic, P.C., 2008 WL 2498282 (M.D.Pa.,2008).

Consistent with the plain language of this provision, a party may be compelled to produce the last known address and phone number of these persons with knowledge if it is not provided in the initial disclosures.

> FRCP 26, 33, and 34 articulate the bounds of authorized disclosures and discovery as relevant to this motion to compel. FRCP 26 requires that each party automatically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses," Fed. R. Civ. Pro. 26(a)(1)(A)(i), "based on the information then reasonably available to it." Fed. R. Civ. Pro. 26(a)(2)(A). In discovery, parties similarly are required to inform opposing counsel of "the identity and location of persons who know of any discoverable matter ." Fed. R. Civ. Pro. 26(b)(1). A disclosing party "may not satisfy this obligation by disclosing its business address and phone number unless it knows of no other address and number." *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D.Kan.1996) (emphasis added). FRCP 26, therefore, requires each party to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation.

Fausto v. Credigy Services Corp., --- F.R.D. ----, 2008 WL 2441927 (N.D.Cal. 2008). This information does not fall within the scope of any recognized privilege which would shield the disclosures:

> The requirements of FRCP 26(a)(1)(A) are mandatory and can only be satisfied by production of each individual's address and phone number, not the attorney's address and phone number. See *Dixon v. Certainteed Corp.,* 164 F.R.D. 685 (D.Kansas 1996). Concern that witnesses will be contacted directly will not justify assertion of the attorney-client privilege to protect the addresses and phone numbers of witnesses, as the Court assumes that attorneys will abide by the ethical rules. See id. at 689. Thus Plaintiffs must comply with the rules governing mandatory disclosures and disclose the addresses and phone numbers of all individuals likely to have discoverable information relevant to the disputed facts of this case.

Viveros v. Nationwide Janitorial Ass'n, Inc., 200 F.R.D. 681, 682 (N.D.Ga.,2000). Likewise, it is not sufficient to simply identify the attorney's address as the contact location.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party

must, without awaiting a discovery request, provide to other parties the name and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. In this case, Defendants provided the names of nine individuals who might have discoverable information in this case. The only address provided by the Defendant was that for the EEOC representative in Little Rock.FN1 It did not provide the addresses or telephone numbers for the remaining eight individuals. Rather, Defendants stated that these individual could be contacted through counsel. This is not sufficient. Rule 26(a)(1) requires that the disclosing party provide the address and telephone number of each listed individual likely to have discoverable information in the case. The Defendants has not complied with the requirements of Rule 26(a)(1). Therefore, Plaintiff's Motion to Compel in regards to this information should be granted. Defendants must provide the Plaintiff with the addresses and telephone numbers of the remaining eight individuals listed in their Initial Disclosures.

Evans v. AutoZone Stores, Inc., 2007 WL 1140404 (W.D.Ark. 2007). Simply put, Defendant must make the disclosures required by Rule 26(a)(1)(A)(i) and there is no excuse for failing to provide address and telephone information if it is available.

## II.    Facts in this case

In this case, Defendant has provided disclosures under Rule 26(a)(1)(A)(i), but failed in those disclosures to provide the last known address and telephone number for witness Matt Michell.  The naked disclosure of the witness' name without true contact information violates the mandatory disclosure requirements of Fed.R.Civ.P. 26(a)(1)(A)(i).  That contact information is necessary if Plaintiff's counsel is to contact this witness and investigate the information and if necessary subpoena the person for deposition and trial.  The failure to provide this critical information places all means of access in the hands of Defense counsel who has no duty to produce the witness.  Likewise, by reserving all means of contact to itself, Defendant effectively acts as the gatekeeper capable of filtering out information which is helpful to Plaintiff, and allowing access only to information which is helpful to the defense

The policy underlying Rule 26 demands that Defendant make full disclosure of this

required information in order to allow Plaintiff access to witnesses and discoverable information.

Notwithstanding this burden, Defendant has failed to provide that information. As of this date, Defendant has not produced its completed initial disclosures required by Fed.R.Civ.P. 26(a)(1)(A)(i).

## III.   <u>Costs</u>

In addition to the requested materials, Ms. Nelson-McGourty requests that this Honorable Court grant costs necessitated by this motion.  While Ms. Nelson-McGourty has extended every opportunity and granted generous amounts of time to Defendant's attorney to provide the disclosures without Court intervention, Defendant has failed to comply with the Federal Rules. As a result, Plaintiff has been forced to bring this motion.

Under Fed.R.Civ.P. Rule 37(a)(5), if a party successfully brings a motion to compel–or if the disclosure or requested discovery is provided after the motion was filed– the court must grant costs, including reasonable attorney fees in bringing the motion.

//

//

//

//

//

//

//

//

//

//

IV.    **CONCLUSION**

Having demonstrated that the disclosures under Rule 26(a)(1)(A)(i) are required, and Defendant has not provided such disclosures as required by the federal rules, nor responded to Plaintiff's request for those disclosures pursuant to the federal rules, Plaintiff requests that this Honorable Court enter an order compelling Defendant to produce its initial disclosures in accordance with express requirements of Rule 26(a)(1)(A)(i).

                                         Respectfully Submitted,

September 3, 2008                          s/ Craig M. Shapiro
                                         Craig M. Shapiro
                                         O. Randolph Bragg
                                         HORWITZ, HORWITZ & ASSOCIATES, LTD..
                                         25 East Washington Street Suite 900
                                         Chicago, Illinois 60602
                                         (312) 372-8822
                                         (312) 372-1673  (Facsimile)

                                         ATTORNEYS FOR PLAINTIFF

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PATRICIA NELSON-McGOURTY,                        )
                                                 )
                    Plaintiff,                   )        Civil Action No.: 08-cv-2849
                                                 )
v.                                               )        Judge Zagel
                                                 )
L & P FINANCIAL ADJUSTERS                        )
INCORPORATED d/b/a LOU HARRIS & CO.,             )        Magistrate Judge Cole
                                                 )
                    Defendant.                   )
                                                 )

## DEFENDANT'S RULE 26(A)(1) DISCLOSURES

Defendant, L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS

& CO ("LHC"), by and through its attorneys David M. Schultz and Nabil G. Foster of Hinshaw

& Culbertson LLP for its Rule 26(a) disclosures states as follows:

1.    **Individuals likely to have discoverable information that Defendants may use to support its claims or defenses.**

       A.    Plaintiff PATRICIA NELSON-McGOURTY and any witness PATRICIA NELSON-McGOURTY disclose pursuant to Rule 26(a)(1).

       B.    Corporate representatives of Defendant. The corporate representatives with the most knowledge of defendant's policies, procedures and practices relevant to the allegations in plaintiff's Complaint are: Allan Michell.

       C.    LHC's employee that communicated with Plaintiff: Matt Michell.

       D.    Corporate representative of Midwest Institute for Minimally Invasive Therapies, P.C. (MIMIT).

RECEIVED
AUG 2 0 2008

2.   **Documents, data compilations and tangible things that are in the possession, custody or control of the Defendants, that Defendants may use to support their claims or defenses:**

    A.    Contract between LHC and MIMIT to collect plaintiff's debt;

    B.    LHC account notes regarding plaintiff's debt;

    C.    LHC letters to plaintiff regarding her debt;

    D.    Any documents produced by PATRICIA NELSON-McGOURTY;

    E.    Investigation continues.

3.   **Computation of Damages Claimed by Defendants:**

    None.

4.   **Insurance Agreement:**

    LHC's insurer is Travelers.  Policy number is 506JB7058.  Policy period is from 5/1/08 to 5/1/09.  Limits of policy are $250,000 per claim and aggregate.

Date: August 19, 2008

Respectfully submitted,

By: _____

One of the Attorneys for Defendant,
L & P FINANCIAL ADJUSTERS
INCORPORATED d/b/a LOU HARRIS &
CO

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                nfoster@hinshawlaw.com

6351263v1 7791

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **DEFENDANT'S RULE 26(A)(1) DISCLOSURES** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 19th day of August 2008.

|  |  |
|---|---|
| ___ | CM/ECF |
| _X_ | Facsimile |
| ___ | Federal Express |
| _X_ | Mail |
| ___ | Messenger |

*Attorneys for Plaintiff(s)*
Craig M. Shapiro
O. Randolph Bragg
Horwitz, Horwitz & Associates, LTD.
25 E. Washington St., Suite 900
Chicago, IL 60602
Ph. (312) 372-8822
Fax (312) 372-1673
e-mail:  craig@horwitzlaw.com
          rand@horwitzlaw.com

One of the Attorneys for Defendant,
L & P FINANCIAL ADJUSTERS
INCORPORATED d/b/a LOU HARRIS & CO

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                nfoster@hinshawlaw.com

3

# EXHIBIT 2



# HORWITZ, HORWITZ & ASSOCIATES, LTD

Attorneys and Counselors at Law

Clifford W. Horwitz
Mitchell W. Horwitz
Jay R. Luchsinger
Wayne L. Newman
Marc A. Perper
O. Randolph Bragg
Michael T. Wierzbicki
Mark Weissburg
Michael D. Carter
Craig M. Shapiro
Patrick G. Serowka
Michael A. Silverman
Jeffrey L. Schlapp
Thomas A. Kelliher

Retired 1998
Andrew J. Horwitz

VIA FACSIMILE TO 312.704.3001
VIA EMAIL TO nfoster@hinshawlaw.com
VIA EMAIL TO dschultz@hinshawlaw.com

August 20, 2008

Nabil G. Foster
David M. Schultz
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street Suite 300
Chicago, Illinois 60601-1081

Re:  Nelson-McGourty v. L&P Financial Adjuster Incorporated d/b/a Lou Harris & Co.
     N.D.Ill., Case No. 08-cv-2849

Dear Nabil,

I write regarding your client's Fed.R.Civ.P 26(a)(1) Disclosures in this case that you served via mail and facsimile on August 19, 2008. Your client's disclosure of individuals likely to have discoverable information that your client may use to support its claims or defenses does not meet the requirements of Fed.R.Civ.P 26(a)(1)(A). Additionally, your client has not complied with Fed.R.Civ.P. 26(a)(1)(B) by providing a copy or the location of the documents disclosed therein. Finally, your client has not produced a copy of its insurance policy, as required by Fed.R.Civ.P. 26(a)(1)(D).

Rule 26(a)(1)(A) requires the disclosure of:

> "…the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information[.]"

While your client has provided the name of "Matt Mitchell", it has not provided a sufficient

Page 1 of 3



description of the subject of his knowledge. More importantly, your client has not provided an address and phone number for Mr. Mitchell.

This information is critical to our discovery of your client's case. First, the disclosure of the information about the subject of the witness's knowledge is intended to allow us to determine whether we want to depose this individual. You have not provided enough information to allow us to make an educated decision on that matter.

Second, as to address and telephone information, the rules are intended to allow us equal access during discovery, and to be able to serve process on these witness, should the need arise. Your client has failed to disclose information which would allow us to reach this person except, presumably, through you or your client. As such, the disclosure is insufficient. If your client is claiming that this individual will be represented by you in some capacity, and thus we will be prohibited from contacting him in any way except through your office, please send us a letter from Mr. Mitchell explaining that you will be his agent for receipt of process.

Rule 26(a)(1)(B) requires the disclosure of "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment[.]"

Your client has identified three categories of documents within its control but has failed to provide copies of those documents or a description by category <u>and</u> the location of such documents.

Rule 26(a)(1)(D) requires the disclosure of "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment...." "The purpose of the disclosure is to enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. Rule 26 cmt. (1970); See In re Anicom Inc. Sec. Litig., No. 00 C 4391, 2002 U.S. Dist. LEXIS 21680, 2002 WL 31496212 (N.D. Ill. Nov. 8, 2002); Wegner by Wegner v. Cliff Viessman, Inc., 153 F.R.D. 154, 161 (N.D. Iowa 1994)." <u>Borom v. Town of Merrillville</u>, 2008 U.S. Dist. LEXIS 3364, *9 (N.D.Ind. 2008). "In light of the obligation in Fed. R. Civ. P. 26(a)(1)(D) to produce any insurance agreement that might provide coverage, the City might properly have stated that any such policies had been produced or that none exist, but to object to producing insurance policies is simply frivolous." <u>Hobley v. Burge</u>, 2003 U.S. Dist. LEXIS 18363, *2 (N.D.Ill. 2003).

While your client has identified an insurance policy, it has not provided a copy of the insurance policy pursuant to Rule 26(a)(1)(D).

Page 2 of 3

By August 27, 2008, please amend your client's disclosures in accordance with Rule 26(a)(1) and provide copies of all documents identified therein.

I do not wish to bring this matter before the Court. However, should your client not amend its Initial Disclosures to be in compliance with Rule 26(a)(1) by August 27, 2008, your client will force me to ask the Court to deal with this normally routine matter.

Thank you for your attention to this matter and anticipated cooperation.

Sincerely,

Craig Shapiro

LAW OFFICES OF
# HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Suite 900
Chicago, Illinois 60602
(312) 372-8822
(815) 723-8822
Fax (312) 372-1673

## FAX TRANSMISSION

NABIL FOSTER

TO: DAVID SCHULTZ          AT FAX # 312.704.3001

FROM: CRAIG SHAPIRO
HORWITZ, HORWITZ & ASSOCIATES, LTD.

DATE: Aug 20, 2008

__4__ TOTAL NUMBER OF PAGES TRANSMITTED
BY FAX, INCLUDING THIS COVER PAGE.
_____ PLEASE ACKNOWLEDGE RECEIPT
___X___ VIA PHONE
___X___ VIA FAX

HARD COPY TO FOLLOW BY MAIL:___ YES ___X___ NO

SUBJECT:
Nelson-McGourty v. LGP Financial   08-cv-2849 N.D.Ill.

COMMENTS:

This message is intended only for the use of the person or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original to the sender at the above address by mail. Thank You.

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                    TIME  : 08/20/2008 15:27
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : BROA8J763540
```

```
DATE,TIME              08/20  15:26
FAX NO./NAME           7043001
DURATION               00:00:50
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Z0640

LAW OFFICES OF

# HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Suite 900
Chicago, Illinois 60602
(312) 372-8822
(815) 723-8822
Fax (312) 372-1673

## FAX TRANSMISSION

NABIL FOSTER

TO: DAVID SCHULTZ _____ AT FAX # 312.704.3001

FROM: CRAIG SHAPIRO
HORWITZ, HORWITZ & ASSOCIATES, LTD.

DATE: AUG 20, 2008 _____

__4__ TOTAL NUMBER OF PAGES TRANSMITTED
BY FAX, INCLUDING THIS COVER PAGE.
___ PLEASE ACKNOWLEDGE RECEIPT
_X_ VIA PHONE
_X_ VIA FAX

HARD COPY TO FOLLOW BY MAIL: ___ YES __X__ NO

SUBJECT:
NELSON-MCGOURTY v. L&P FINANCE  08-cv-2849 N.D.Ill.

COMMENTS: